UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

---

MELISSA INGRAHAM
1624 Vogt Drive, Apartment 201
West Bend, Wisconsin 53095

      Plaintiff,

v.

LIFESTAR EMERGENCY MEDICAL SERVICES, LLC
279 South 17th Avenue, Suite 8
West Bend, Wisconsin 53095

      Defendant

Case No: 22-cv-143

**JURY TRIAL DEMANDED**

---

## COMPLAINT

COMES NOW Plaintiff, Melissa Ingraham, by her counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the court as follows:

### JURISDICTION AND VENUE

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves a federal question under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2. This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue in this District is proper pursuant to 28 U.S.C. 1391(b) and (c), because Plaintiff resides in this District and Defendant has substantial and systematic contacts in this District.

## PARTIES AND COVERAGE

4. Plaintiff, Melissa Ingraham, is an adult female resident of the State of Wisconsin residing in Washington County with an address of 1624 Vogt Drive, Apartment 201, West Bend, Wisconsin 53095.

5. Defendant, Lifestar Emergency Medical Services, LLC, is an Wisconsin-based corporation with a principal place of business of 279 South 17th Avenue, Suite 8, West Bend, Wisconsin 53095.

6. Defendant is an ambulance and emergency medical services company.

7. Defendant is a covered employer for purposes of the FMLA.

8. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

9. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

10. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of its West Bend, Wisconsin location.

11. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

12. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

13. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

14. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

15. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant, as these terms are defined under the FLSA and the WWPCL.

16. Plaintiff has satisfied all administrative remedies and all conditions precedent to bringing this action.

## FMLA ALLEGATIONS

17. In approximately May 2014, Plaintiff commenced employment with Defendant in the position of Paramedic.

18. Plaintiff suffers from Irritable Bowel Syndrome and Diabetes, which are permanent, physical health conditions that substantially and negatively affect the normal functioning of Plaintiff's organs and endocrine system, and Plaintiff's ability to, among other things, eat, sleep, perform manual tasks, and, at times, work.

19. Plaintiff also suffers from Anxiety, which is a permanent, mental health condition that substantially and negatively affects the normal functioning of Plaintiff's brain and Plaintiff's ability to, among other things, think, eat, sleep, communicate with others and, at times, work.

20. Plaintiff's Irritable Bowel Syndrome, Diabetes, and Anxiety are considered serious health conditions under the FMLA.

21. During Plaintiff's employment with Defendant, Defendant's management-level employees, including but not limited to Michael Krueger, Owner, were aware and/or had knowledge of Plaintiff's Irritable Bowel Syndrome, Diabetes, and Anxiety (hereinafter simply and collectively, Plaintiff's "serious health conditions").

22. From the years 2018 to 2021, Defendant approved Plaintiff's requests for FMLA leave for her own serious health conditions.

23. From the years 2018 to 2021, Plaintiff utilized approved FMLA leave for her own serious health conditions.

24. During the calendar year 2021, Plaintiff's serious health conditions required at least two (2) appointments and treatment visits with her health care provider(s) and/or treating physicians and caused Plaintiff periods of incapacity.

25. During the calendar year 2021, Plaintiff properly complied with Defendant's notice policies and practices regarding her FMLA leave requests for her own serious health conditions.

26. During the calendar years 2020 and/or 2021, Defendant disciplined Plaintiff utilizing approved FMLA leave for her own serious health conditions.

27. During Plaintiff's employment with Defendant, Defendant's FMLA leave entitlement period was on a calendar basis (i.e., January 1 to December 31).

28. Beginning on January 1, 2022, Defendant's FMLA leave entitlement period was set to renew.

29. Beginning on January 1, 2022, Defendant, including but not limited to Krueger, knew or was aware that Defendant's FMLA leave entitlement period was set to renew.

30. Beginning on January 1, 2022, Defendant, including but not limited to Krueger, knew or was aware that Plaintiff's serious health conditions would qualify for FMLA leave and/or entitle her to FMLA leave during the calendar year 2022.

31. On December 31, 2021, Defendant terminated Plaintiff's employment.

32. On December 31, 2021, Defendant terminated Plaintiff's employment because of her FMLA leave use during the calendar year 2021.

33. On December 31, 2021, Defendant terminated Plaintiff's employment in order to prevent her from utilizing FMLA leave during the calendar year 2022.

## FLSA & WWPCL ALLEGATIONS

34. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on an hourly basis and/or with an hourly rate of pay.

35. During the entirety of Plaintiff's employment with Defendant, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

36. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

37. During Plaintiff's employment with Defendant, Defendant's workweek for FLSA and WWPCL purposes was Sunday through Saturday.

38. During Plaintiff's employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours per workweek.

39. During Plaintiff's employment with Defendant and in addition to performing duties as a Paramedic on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit each workweek, Plaintiff also performed job duties and

responsibilities in the position of Field Educator on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

40. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, Plaintiff performed compensable work in the position of Field Educator on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit each workweek.

41. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, the job duties and responsibilities of the Field Educator position entailed the following: performing orientation of Defendant's new employees; reviewing the work performance of Defendant's new employees, including but not limited to reviewing whether employees entered the appropriate and necessary information into Defendant's database, reviewing whether necessary paperwork was attached to "run reports," and reviewing and determining whether employees performed appropriate assessments and treatments of patients; assisting with or creating material to present at monthly trainings; and being available to answer and respond to e-mails, text messages, and telephone calls from employees whenever they had questions or issues.

42. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, the job duties and responsibilities of the Field Educator position generally could not be accomplished during Plaintiff's normal or customary work shifts while performing her Paramedic duties and responsibilities.

43. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, Plaintiff completed the vast majority of job duties and responsibilities of the Field Educator position outside of her normal or customary work shifts as a Paramedic.

44. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, Defendant informed Plaintiff that, regardless of how long Plaintiff spent performing the duties and responsibilities of the Field Educator position each workweek, Defendant would compensate her for only two (2) hours of work performing the duties and responsibilities of the Field Educator position.

45. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, Defendant knew or should have known that Plaintiff spent more than two (2) hours per workweek performing the duties and responsibilities of the Field Educator position.

46. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, Plaintiff spent approximately five (5) to ten (10) hours per workweek performing the duties and responsibilities of the Field Educator position.

47. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, Defendant knew or should have known that Plaintiff spent approximately five (5) to ten (10) hours per workweek performing the duties and responsibilities of the Field Educator position.

48. During Plaintiff's employment with Defendant and from approximately June 2015 to September 2021, Defendant failed to compensate Plaintiff for all hours worked and work performed on its behalf, with its knowledge, at its direction, and/or for its benefit the Field Educator position each workweek.

49. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek.

50. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Plaintiff's paychecks did not properly or lawfully compensate her for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

51. During the three (3) years immediately preceding the filing of this Complaint, (ECF No. 1), Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted her to work) in a workweek at the proper, lawful, and/or correct overtime rate of pay in accordance with the FLSA and WWPCL.

52. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

53. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with it for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FIRST CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT (INTERFERENCE)

54. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

55. Defendant intentionally interfered with Plaintiff's rights by disciplining Plaintiff for using protected leave during the calendar years 2020 and/or 2021, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

56. Defendant intentionally interfered with Plaintiff's rights by terminating Plaintiff's employment for using, and/or in order to prevent her from using, protected leave during the calendar year 2022, in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601

*et seq*.

57. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

## SECOND CAUSE OF ACTION – FAMILY AND MEDICAL LEAVE ACT (RETALIATION)

58. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

59. Defendant retaliated against Plaintiff by terminating her employment for exercising her rights under the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

60. As a result of Defendant's intentional violation of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

## THIRD CAUSE OF ACTION – FLSA VIOLATIONS (OVERTIME PAY)

61. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

62. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

63. At all times material herein, Defendant was an employer of Plaintiff as provided under the FLSA, 29 U.S.C. § 201 et seq.

64. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 et seq.

65. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while she was employed by Defendant and, thus, was legally

entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

66. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

67. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has not acted in good faith and reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

68. Plaintiff is entitled to damages equal to the overtime compensation due and owing to her within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting her claims against Defendant.

69. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### FOURTH CAUSE OF ACTION – WWPCL VIOLATIONS (OVERTIME PAY)

70. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

71. At all times material herein, Plaintiff was an employee of Defendant within the

meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

72. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

73. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 et seq., 103.01 et seq., 104.01 et seq., and Wis. Admin. Code § DWD 272.01.

74. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of her principal activities without receiving compensation for these activities, including at an overtime rate of pay.

75. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek she was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

76. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which she was not compensated with overtime premium pay in accordance with the WWPCL.

77. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of her unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

78. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses to be shown at trial under the FMLA;

2. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid to be shown at trial under the FLSA and WWPCL;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 7th day of February, 2022

        WALCHESKE & LUZI, LLC
        Counsel for Plaintiff

        *s/ Scott S. Luzi*
        James A. Walcheske, State Bar No. 1065635
        Scott S. Luzi, State Bar No. 1067405
        David M. Potteiger, State Bar No. 1067009

WALCHESKE & LUZI, LLC
235 N. Executive Drive, Suite 240
Brookfield, Wisconsin 53005
Telephone: (262) 780-1953
Fax: (262) 565-6469
E-Mail: jwalcheske@walcheskeluzi.com
E-Mail sluzi@walcheskeluzi.com
E-Mail dpotteiger@walcheskeluzi.com